IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Ponsart,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-13-1077-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Petitioner's second amended Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 (Doc. 19) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge David K. Duncan (Doc. 26). Pursuant to a plea agreement, Petitioner pled no contest to, and was convicted of, one count of attempted molestation of a child under 15. (Doc. 26 at 1-2). Though he was initially sentenced to lifetime probation, he was later sentenced to 15 years in prison after his probation was revoked, the maximum term allowed under the plea agreement. (Doc. 26 at 2). Petitioner raised only one claim for relief in the Petition, asserting that the trial court judge erroneously found aggravating factors that enhanced his prison sentence. (Doc. 26 at 3). After consideration of the issues, Judge Duncan concluded that Petitioner failed to exhaust his state court remedies for the claim asserted in this action, and that he is now barred from doing so. (Doc. 26 at 4-5). Accordingly,

Judge Duncan recommends the Petition be denied and dismissed with prejudice. (Doc. 26 at 5).

Judge Duncan advised the parties that they had fourteen days to file objections and that the failure to file timely objections "may result in the acceptance of the Report and Recommendation by the district court without further review." (Doc. 26 at 5) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). The parties have not filed objections and the time to do so has expired. Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and deny the Petition. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Duncan's R&R (Doc. 26) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the second amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 19) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 30th day of July, 2015.

Honorable Diane J. Humetewa
United States District Judge